**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**DENVER DIVISION**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 01 2022
JEFFREY P. COLWELL
CLERK

Civil Action No.

DANIEL P. RICHARDS,

a resident of the State of Washington,

Plaintiff/Pro Se,

v.

LOCKHEED MARTIN CORPORATION D/B/A LOCKHEED MARTIN SPACE, a corporation headquartered in and organized under the laws of the State of Maryland,

Defendant.

**COMPLAINT**

Plaintiff alleges as follows:

## I. The Parties to This Complaint

**A. The Plaintiff(s)**

| | |
|---|---|
| Name | Daniel P. Richards |
| Street Address | 3 Olive Dr Apt 2 |
| City and County | Cathlamet,Wahkiakum County |
| State and Zip Code | Washington, 98612 |
| Telephone Number | 360-431-0240 |
| E-mail Address | daniel.p.richards@protonmail.com |

**B. The Defendant(s)**

Name LOCKHEED MARTIN CORPORATION D/B/A LOCKHEED MARTIN SPACE

| | |
|---|---|
| Job or Title *(if known)* | Employer of Plaintiff |
| Street Address | 6801 ROCKLEDGE DRIVE |
| City and County | BETHESDA, MONTGOMERY COUNTY |
| State and Zip Code | MARYLAND 20817 |
| Telephone Number | unknown |

**C. Place of Employment**
The address at which I sought employment or was employed by the defendant(s) is:

Name: LOCKHEED MARTIN CORPORATION D/B/A LOCKHEED MARTIN SPACE

Address: 12257 S. Wadsworth Blvd
City/Co.: Littleton, Arapahoe County
State/Zip: Colorado, 80127
Telephone: (303) 977-3000

## NATURE OF THE ACTION

This action is brought by DANIEL P. RICHARDS, the (hereinafter "Plaintiff"),against LOCKHEED MARTIN CORPORATION D/B/A LOCKHEED MARTIN SPACE (hereinafter collectively "Defendants") generally under the "Americans With Disabilities Act"; the "False Claims Act"; the NDAA Act; and th Colorado Americans With Disabilities Act"; such action being further particularized as also being an action to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 42 U.S.C. §§ 12117(a) and 2000e- 5(f), and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages, attorneys fees and costs pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 1981a, and such further relief as is set forth *infra*.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because: (1) all Defendant conducts business in the District of Colorado; and (2) the events and omissions giving rise to the claims alleged in this Complaint occurred in the District of Colorado; and as further specified *infra*.

## FACTUAL ALLEGATIONS

Plaintiff Daniel P. Richards was employed by Defendant Lockheed Martin at all times material hereto (June 1, 2015 through and continuing until March 24, 2021).

The DISMISSAL AND NOTICE OF RIGHTS, was received by Plaintiff Daniels Apr 4, 2022; accordingly this complaint is timely filed.

During Mr. Richards employment at Lockheed Martin Space ("LMCO" or "Lockheed" or "the Corporation") from June 2015 and until his departure on March 24, 2021, Mr. Richards was the victim of anti-Veteran harassment, was discriminated against for his protected Veteran status (which created a hostile work environment for he and his fellow Veteran coworkers) and was further discriminated against for his deployment-related disabilities. Furthermore, Mr. Richards was consistently denied the opportunity to implement changes and improvements to the workforce. Mr. Richards was also denied disability accomodations despite Lockheeds awareness of his disability. Mr. Richards was subject to violations of the Americans with Disabilities Act ("ADA"), the Colorado Anti-Discrimination Act ("CADA"), the False Claims Act ("FCA"), and the National Defense Authorization Act ("NDAA"), in addition to harassment, hostile work environment and wrongful discharge.

Regarding disabilities, Mr. Richards suffers from multiple ailments including but not limited to "acute compartment syndrome" ("ACS") which limits his ability to walk. Additionally, Mr. Richards has also been diagnosed with insomnia and back issues, as well as tinnitus. Lockheed was aware of Mr. Richards' ACS diagnosis. Specific examples of violations suffered by Mr. Richards at the hands of Lockheed include but are not limited to:

1. At one point Mr. Richards complained to a supervisor about the amount of walking he had to do for his support role, to which Lockheed replied, "you chose the wrong role for your issues." Mr.Richards even asked to be reassigned to another role, in an effort to be reasonably accommodated for his disability, and Lockheed did not respond.

2. Mr. Richards was removed and excluded from supervisor meetings, projects, and email chains whenever one of the associate managers was included. Similarly, Mr. Richards was intentionally kept in the dark whenever defect data and tracking systems were involved.
Mr. Richards was removed and excluded from supervisor meetings, projects, and email chains whenever one of the associate managers was included. Similarly, Mr. Richards was intentionally kept in the dark whenever defect data and tracking systems were involved.

3. A supervisor at one point stated to a coworker, "I hate Vets, they took the easy way out," with regard to Veterans achieving any success for themselves — not knowing that this coworker was himself a veteran and associate of Mr. Richards.

4. In another instance, a supervisor bragged about getting a fellow coworker sent to the basement for "pointing out issues" and told Mr. Richards, "I know David [Braley] isn't a Vet, but we're going to treat him like one (laughs). This is why I got him assigned to the basement and out of the way. Keep it up and you will end up down here next.".

5. Another example of discriminatory treatment is the fact that Mr. Richards was asked to submit weekly action reports ("WARs") more often and consistently than other employees so that his manager could keep up with all of his projects. Mr. Richards did comply for a while until he noticed that his work projects would disappear without explanation and those coworkers tasked with working with him would soon after stop communicating with him,"freezing" him out and making his job significantly more difficult.

6. A non-Veteran coworker of Mr. Richards, named Nathan Campbell, was promoted

to Engineer before he even completed his college degree and was promoted a second time only one (1) year later to a supervisor position. Mr. Richards has over six (6) years' experience on the job but, seemingly because of his Veteran status, he was passed over time and again for promotions and other employment opportunities.

7. By 2021, Mr. Richards reasonably felt that harassment by a supervisor (Mr. Morgan) had risen to a level creating an extremely hostile work environment and so he reported the discriminatory treatment to Lockheed's Ethics and HR departments; in response to these reports, Lockheed did nothing to aid Mr. Richards and ignored all of his requests for assistance.

8. Mr. Richards had been prevented from moving up in Lockheed since 2018, wherein he submitted approximately one hundred (100) applications to local and out-of-state positions within Lockheed in 2020 but never once was offered an interview or heard anything back. Later, Mr. Richards discovered that a supervisor (Mr. Maleski) was intentionally blocking his applications in a disgusting abuse of authority.

## The discriminatory conduct of which I complain in this action includes:

1,) Termination of my employment.

2.) Failure to promote me.

3.) Failure to accommodate my disability.

4.) Unequal terms and conditions of my employment.

5.) Retaliation.

6.) Harassment

## It is my best recollection that the alleged discriminatory acts occurred:

June 1, 2015 through and continuing until March 24, 2021 and continuing.

## Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on a date sufficient to preserve all of my legal rights, and such complaint has yielded the tender of a DISMISSAL AND NOTICE OF RIGHTS from the EEOC in Charge No: 531-2022-01431 which states:

> "NOTICE OF YOUR RIGHT TO SUE This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)"

THIS NOTICE IS ATTACHED AS EXHIBIT "A".

## CLAIM FOR RELIEF

**REMEDIES AND DAMAGES SOUGHT ON ALL CLAIMS LISTED ARE RIPE AND DAMAGES ARE ALL CONTINUING TO ACCRUE. THESE DAMAGES AND REMEDIES FOR ALL CLAIMS ARE ITEMIZED BELOW:**

**1.) Back pay, including but not limited to payment since termination, the loss of additional wages during my time of employment causally related to the employer discrimination tantamount to stonewalling promotions and additional income earning ability;**

**2.) Front pay: income I would have earned in the future had the employer not discriminated against me;**

**3.) Compensatory damages: emotional distress, medical expenses, pain and suffering;**

**4.) Consequential damages: costs associated with securing employment after my (wrongful) termination;**

**5.) Punitive damages: up to the maximum allowable pursuant to law;**

**6.) Attorney's fees;**

**7.) Costs of litigation.**

**8.) Such other and further relief as this Court deems just and proper.**

Dated: June 29, 2022
Respectfully submitted,

PLAINTIFF/Pro Se
Daniel P. Richards
3 Olive Dr Apt 2
Cathlamet, Wahkiakum County
Washington, 98612
\360-431-0240
daniel.p.richards@protonmail.com