## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

     Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

     Defendant.

---

## DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6)

---

Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space ("Lockheed Martin"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits its Motion to Dismiss the Complaint filed by Plaintiff Daniel P. Richards ("Plaintiff"), stating as follows:

## I.   INTRODUCTION

Plaintiff, Lockheed Martin's former employee, filed his Complaint ("Complaint", Dkt. #1) on July 1, 2022 and served Lockheed Martin on January 12, 2023 – the second-to-last day permitted by the Court's January 3, 2023 order (Dkt. #19). Plaintiff attempts to assert claims against Lockheed Martin for alleged violations of the Americans with Disabilities Act (the "ADA"), the Colorado Anti-Discrimination Act ("CADA"), the False Claims Act (the "FCA"), and the National Defense Authorization Act (the "NDAA"). As an initial matter, Plaintiff's ADA and CADA claims are barred because he failed to exhaust his administrative remedies by filing a

timely administrative charge of discrimination.  Further, with respect to all of Plaintiff's claims, the Complaint is devoid of the requisite factual allegations and fails to satisfy the most fundamental requirement of notice pleading – to provide Lockheed Martin fair notice of the claims it must meet and defend.

Plaintiff's vague and conclusory pleading is unsustainable, especially given the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  As this Court is certainly aware, those decisions emphasize that, even under a notice pleading regime, a complaint must contain sufficient evidentiary facts to raise a plausible – as opposed to just conceivable – inference that the plaintiff is entitled to relief.  Since Plaintiff has provided nothing more than defective, conclusory allegations devoid of such facts, his Complaint is inadequate, and the Court should dismiss it for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.      CERTIFICATE OF CONFERRAL PURSUANT TO CIV. PRACTICE STANDARD 7.1B

Lockheed Martin's counsel attempted to confer with Plaintiff and his purported attorney, John M. Pierce (*see* Dkt. 16), by email concerning the basis of this Motion, including providing a courtesy copy of the same.  Counsel did so even though at least one of the defects in the Complaint described in the Motion—the failure to exhaust administrative remedies—is not capable of being cured by amendment. As of the timing of this filing, no response has been received.  Accordingly, Lockheed Martin assumes this Motion is opposed and presents it to the Court for determination.

### III.   ARGUMENT

**A.**   **Plaintiff's ADA and CADA Claims Are Barred Due to His Failure to Exhaust Administrative Remedies.**

      1.   General 12(b)(6) Legal Standards.

A complaint should be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001). The Court must limit its review to the four corners of the Complaint, but may also consider not only documents attached to the Complaint as exhibits, but also unattached documents that are referred to in the Complaint and are central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

      2.   Plaintiff Failed to Timely File an Administrative Charge with Respect to His ADA and CADA Claims.

The ADA requires a plaintiff to exhaust administrative remedies before filing a civil suit. *Edmonds-Radford v. Southwest Airlines Co*., 17 F.4th 975, 988 (10th Cir. 2021). Exhaustion under the ADA requires the plaintiff to file an administrative charge within 300 days of the alleged discriminatory action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Similarly, applicable Colorado law requires that discrimination charges under the CADA be filed within "six months after the alleged discriminatory or unfair employment practice occurred." *Deneffe v. SkyWest, Inc*., No. 14–cv–00348–MEH, 2015 WL 232128, at *4 (D. Colo. Jan. 16, 2015) (citing Colo. Rev. Stat. § 24–34–403). These administrative time limits are akin to a statute of limitations. *Castaldo v. Denver Pub. Schs*., 276 F. App'x. 839, 841 (10th Cir. 2008) (citing

*Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984)).  A claim generally is time-barred and not actionable if it is not filed within these limits.  *Deneffe*, 2015 WL 232128 at *4 (citing *Quicker v. Colo. Civil Rights Comm'n*, 747 P.2d 682, 683 (Colo. App. 1987)).

A failure to timely exhaust administrative remedies "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint."  *Cirocco v. MacMahon*, 768 F. App'x 854, 858 (10th Cir. 2019).  Further, if the administrative charge at issue is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an authentic copy to the court to be considered on a motion to dismiss without converting it to a Rule 56 motion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *Werahera v. Regents of Univ. of Colo.*, No. 21-cv-02776-NYW, 2022 WL 3645979, at *6, n.5 (D. Colo. Aug. 24, 2022).

Here, Plaintiff admits in the Complaint that his employment at Lockheed Martin ended on March 24, 2021.  (Complaint p. 1.)  He also clearly claims in the Complaint that he filed with the EEOC Charge No. 531-2022-01431 (the "Charge") to preserve his ADA and CADA rights, although he fails to attach a copy of the Charge.  (Complaint p. 6.)  A true and correct copy of the Charge is attached hereto as Exhibit 1 for the Court's consideration.  As the Court can see, Plaintiff filed the Charge on March 2, 2022, ***343 days*** after the last date Plaintiff claims an alleged discriminatory or unfair employment practice occurred:  his termination.  (Exhibit 1 pp. 1-2.) Therefore, as Plaintiff's ADA and CADA claims are time-barred, he "can prove no set of facts in support of his claim which would entitle him to relief" under those statutes.  *Conley*, 355 U.S. at 445-46 (1957).  The Court should therefore dismiss Plaintiff's ADA and CADA claims without the requirement of further analysis.

4

**B.      With Respect to All of His Claims, Plaintiff Must Plead Sufficient Facts that Plausibly Support a Cause of Action to Survive Dismissal.**

The Supreme Court's decisions in *Twombly* and *Iqbal* clarified a plaintiff's burden at the pleading stage and emphasized Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Together, these cases hold that "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  A "sheer possibility that the defendant has acted unlawfully" is insufficient.  *Id.*

Moreover, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  To avoid dismissal at the pleading stage, therefore, the complaint must contain well-pleaded factual allegations that plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 682; *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The *Twombly* and *Iqbal* decisions set forth a two-step process for analyzing the sufficiency of a complaint.  First, the Court should identify the allegations in the complaint that are not entitled to the assumption of truth.  In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further

factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. Second, the Court must consider the remaining factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. Facts that are merely consistent with a defendant's liability "stop short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Only then do they fulfill the requirement of Federal Rule of Civil Procedure 8(a)(2) that the complaint provide the defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Id.*

**C.    Plaintiff's Complaint Does Not Contain the Requisite Factual Averments to Sustain a Claim under the ADA or CADA.**

Applying this process to the allegations of Plaintiff's Complaint demonstrates Plaintiff has not pled his claims with sufficient specificity to survive a motion to dismiss. Even proceeding *pro se*, Plaintiff must "'set forth plausible claims' animating the elements of [his] causes of action." *See Burnett v. Mort. Elec. Registration Sys., Inc*., 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). If a *pro se* plaintiff fails to allege sufficient facts to support a legal theory, courts will not fill in the factual gaps. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). Here, Plaintiff's Complaint is almost entirely devoid of ***any*** factual allegations supporting the causes of action he has pled.

For example, to state a claim of discrimination under the ADA and CADA,[1] Plaintiff must

---

[1] "The ADA and the CADA are, essentially, parallel statutory schemes that address disability discrimination. *Fleites v. Pueblo Med. Investors, LLC*, No. 07–cv–2658–REB–MJW, 2008 WL 4371924, at *1 (D. Colo. Sept. 22, 2008). Therefore, courts rely upon ADA case law in analyzing CADA claims. *See Gamble v. Levitz Furniture Co*., 759 P.2d 761, 763–66 (Colo. App. 1988).

allege facts supporting the following elements: (1) he is a disabled person as defined by the statute; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) he suffered discrimination by an employer because of that disability. *Dewitt v. Sw. Bell Tel. Co*., 845 F.3d 1299, 1308 (10th Cir. 2017).  While Plaintiff alleges in the Complaint he is disabled, the Complaint contains no factual allegations that he was qualified to perform the essential functions of his job or those of one he desired, nor does it contain any allegations regarding any potential accommodations he claims would have allowed him to perform such functions.  Further, his Complaint contains absolutely no factual allegations suggesting Lockheed Martin discriminated against him ***because of a disability***.

Likewise, to state a claim for harassment under the ADA and CADA,[2]  Plaintiff must allege (1) he is a disabled person as defined by the statute; (2) he was subject to unwelcome harassment; (3) the harassment was based on the alleged disability; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of his employment and created an abusive working environment.  *Callahan v. Commc'n Graphics, Inc*., 657 F. App'x 739, 746–47 (10th Cir. 2016) (citing *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007)).  There are practically no allegations in the Complaint that Plaintiff was harassed on account of his alleged disability at all, let alone to the severe or pervasive degree required to state an actionable claim.  Indeed, the claim references but ***one*** stray negative remark Plaintiff alleges was made by an unidentified employee regarding his disability, which is insufficient to survive a motion to dismiss.

---

[2] Certainly there are additional potential claims Plaintiff could bring under the ADA and CADA besides discrimination and harassment, but his Complaint is so vague that it is impossible to tell what claims are being alleged and which factual allegations support which claims, yet another fact justifying dismissal.

*Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("'stray remarks' alone do not support a discrimination suit."); *see also Sarraj v. Northern Virginia Elec. Coop.*, 2022 WL 2820553, at *8 (E.D. Va. July 18, 2022) (holding single remark regarding plaintiff's protected class supported only by vague and conclusory allegations was insufficient to allege plausibly a harassment claim).

Indeed, Plaintiff does nothing more than allege some (but not all) of the ultimate conclusions he must prove to establish liability, without any supporting factual content that would render such conclusions plausible. He certainly does not provide any factual allegations that "raise a right to relief above the speculative level." Plaintiff should not be allowed to proceed with his claims and "unlock the doors of discovery [when he is] armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Therefore, the Court must dismiss Plaintiff's ADA and CADA claims.

**D.     Plaintiff's Complaint Contains No Factual Allegations Whatsoever Supporting a Claim under the FCA or NDAA.**

While the Complaint does not indicate what provisions of the FCA and NDAA Plaintiff alleges Lockheed Martin violated, Lockheed Martin assumes he intends to allege whistleblower retaliation claims, as no other theory could conceivably apply in the employment context. To state a claim for retaliation under the FCA, Plaintiff must show (1) he engaged in protected activity motivated by a concern regarding a federal contractor's fraud against the government; (2) the employer knew about the protected activity; and (3) the employer retaliated against him because of his protected activity. 31 U.S.C. § 3730(h)(1); *Garcia v. Pro. Contract Servs., Inc.,* 938 F.3d 236, 240-41 (5th Cir. 2019). *Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. 2013). Similarly, to state a claim for retaliation under the NDAA, Plaintiff must allege (1) he

engaged in protected activity by (a) disclosing information he reasonably believed was evidence of "gross mismanagement of a Federal contract or grant, a gross waste of Federal funds . . ., or a violation of law, rule, or regulation related to a Federal contract" and (b) making such disclosure to a covered person or body, such as a "management official or other employee of the contractor . . . who has the responsibility to investigate, discover, or address misconduct;" (2) he suffered an adverse employment action; and (3) the protected disclosure was a "contributing factor" to the adverse employment action.  41 U.S.C. § 4712(a)(1); *see also Casias v. Raytheon Co*., No. 17-CV-2635-MSK-SKC, 2019 WL 1170546, at *2 (D. Colo. 2019).

Simply put, other than an allegation that Plaintiff's employment was terminated, the Complaint contains ***none of the above.***  Plaintiff does not allege in the Complaint that he engaged in any sort of protected activity pertaining to alleged fraud against the government, mismanagement of federal funds, or violations of federal contract rules.  He does not allege Lockheed Martin knew about such protected activity, or that such protected activity caused his termination.  Indeed, Plaintiff does not even allege Lockheed Martin is a federal contractor.  A "litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotations omitted).  As described above, Plaintiff has provided so little information about his claims that Lockheed Martin is unable to present an Answer or response to the claims.  Accordingly, the Court should dismiss Plaintiff's FCA and NDAA claims as well. [3]

---

[3] Lockheed Martin notes that page 1 of the Complaint contains one tangential reference to Title VII of the Civil Rights Act of 1964 ("Title VII"), yet nowhere in the Complaint does Plaintiff make any reference to the Title VII-protected characteristics of race, color, religion, sex, and national origin or otherwise explicitly state a Title VII claim.  To the extent Plaintiff does intend to include a Title VII claim against Lockheed Martin, however, it must be dismissed for

9

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Lockheed Martin respectfully requests this Honorable Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 2nd day of February, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/Michael H. Bell*
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:  303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space*

---

essentially the same reasons outlined herein, as there are no factual averments in the Complaint supporting a cause of action under that statute.

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of February, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6)** with the Clerk of Court using the CM/ECF system and served a true and accurate copy of the same by U.S. Mail and e-mail upon Plaintiff, as follows:

> Daniel P. Richards
> 3 Olive Drive, Apt. 2
> Cathlamet, WA 98612
> daniel.p.richards@protonmail.com

> *pro se Plaintiff*

<u>*s/Alison L. Shaw*</u>
Alison L. Shaw, Paralegal

11