IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

    Defendant.

**DEFENDANT'S RESPONSE TO PLANTIFF'S "NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT"**

Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space ("Lockheed Martin"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits its Response to Plaintiff's Notice of Motion and Motion for Leave to Amend to File First Amended Complaint (Dkt. #30) ("Motion to Amend"), stating as follows:

## I. INTRODUCTION

This litigation has been marked by a series of unreasonable delays by Plaintiff and his counsel for over nine months. Plaintiff's Motion to Amend is nothing more than a last ditch effort to salvage his frivolous claims, after repeatedly ignoring the Court's orders to prosecute his case diligently. Critically, Plaintiff shoulders the burden of establishing his right to leave and that the amendments are warranted. He has failed to meet this burden. Plaintiff has not provided a single justified reason for the undue delay in amending his Complaint and for blatantly disregarding the Court's deadlines. Moreover, Plaintiff's proposed amendments are futile as they fail to cure the

fatal defects outlined in Defendant's Motion to Dismiss (Dkt. #20). In addition, Plaintiff's newly-added claims for breach of contract and breach of the implied duty of good faith and fair dealing will not survive a motion to dismiss because Plaintiff fails to allege the existence of a valid contract and Colorado does not recognize claims for breach of implied duty of fair dealing in the employment context. Finally, Plaintiff's amendments unduly prejudice Lockheed Martin as it will be forced to expend legal fees filing essentially the same Motion to Dismiss it already filed, but with certain revisions to address the defects in the two new baseless causes of action, and potentially arguing the superfluous motion before this Court.

## II.   PROCEDURAL HISTORY

Plaintiff, Lockheed Martin's former employee, filed his Complaint on July 1, 2022. (Dkt. #1.) Plaintiff's Complaint attempted to assert claims against Lockheed Martin for alleged violations of the Americans with Disabilities Act (the "ADA"), the Colorado Anti-Discrimination Act ("CADA"), the False Claims Act (the "FCA"), and the National Defense Authorization Act (the "NDAA"). (*Id*.)

Plaintiff failed to serve Lockheed Martin within ninety days of filing the Complaint, so the Court held a Status Conference on September 20, 2022 whereby it extended Plaintiff's deadline to serve Lockheed Martin to November 15, 2022. (Dkt. #10.) Plaintiff again failed to serve Lockheed Martin by the deadline, so, on December 5, 2022, the Court ordered Plaintiff to show cause as to why his claims against Lockheed Martin should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Dkt. #11.) On December 27, 2022, Plaintiff filed a Motion for Enlargement of Time for Entry of Counsel and to Serve Defendant and a Declaration of John M. Pierce in Support of Plaintiff's Response to Order to Show Cause. (Dkts. #15-16.) In the

Declaration, Mr. Pierce, who is licensed only in California, stated he was retained by Plaintiff to represent him in this action but had trouble retaining local counsel. (Dkt. #16.) Nonetheless, Mr. Pierce stated he "now understand[s] that [his] firm will simply need to seek admission in the U.S. District of Colorado . . ." and his "team is already working on the application process." (*Id*.) The Court ordered Plaintiff to serve Lockheed Martin by January 14, 2023. (Dkt. #19.)

Plaintiff finally served Lockheed Martin on January 12, 2023—the second-to-last day permitted by the Court's order. (*Id*.) Lockheed Martin filed a Motion to Dismiss on February 2, 2023 for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), identifying numerous deficiencies in the Complaint, including several that are incapable of being cured via amendment (the "Motion to Dismiss," Dkt #20). Specifically, Lockheed Martin argued Plaintiff's ADA and CADA claims are time-barred because Plaintiff failed to exhaust his administrative remedies by filing a timely administrative charge of discrimination. (*Id*.) Lockheed Martin also sought dismissal on grounds that the Complaint was devoid of the requisite factual allegations and failed to satisfy the most fundamental requirement of notice pleading—to provide Lockheed Martin fair notice of the claims it was required to meet and defend. (*Id*.)

On the deadline to respond to the Motion to Dismiss, February 22, 2023, Plaintiff filed instead an Amended Complaint which failed to include a notice or attach as an exhibit a copy of the proposed pleading striking through the text to be deleted and underlining the text to be added in violation of D.C.COLO.LCivR 15.1(a). (Dkt. #22.) Accordingly, on February 28, 2023, the Court *sua sponte* struck Plaintiff's Amended Complaint and granted Plaintiff up to and including March 20, 2023 to either respond to Lockheed Martin's Motion to Dismiss or to file an amended complaint that complied with the Local Rules. (Dkts. #23-24.) Plaintiff filed neither a response to

3

the Motion to Dismiss nor any amended Complaint by this deadline.

On April 4, 2023, fifteen days **after** the Court's March 20 deadline to respond (and without conferring with Lockheed Martin), Plaintiff filed his Notice of Motion and Motion for Leave to Amend to File First Amended Complaint and Plaintiff Daniel Richards' Notice of First Amended Complaint (jointly referred to herein as the "Motion to Amend"). (Dkts. #27, 27-1.) The Court *sua sponte* denied the Motion to Amend the following day because of Plaintiff's failure to include a certificate of conferral. The same day, after conferring with Lockheed Martin's counsel, Plaintiff's counsel refiled the Motion to Amend. (Dkt. #30.)

### III.   ARGUMENT

Although leave is to be freely granted, equal attention should be given to the proposition that there must be an end to a particular litigation. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleadings after the other party filed a responsive pleading (as here) only by obtaining leave of court to do so.[1] Rule 15(a) instructs that leave should be granted "if justice so requires," but the United States Supreme Court has held any of the following four factors support the denial of a Rule 15(a) motion to amend: (1) undue delay; (2) futility of amendment; (3) bad faith or dilatory motive on the part of the movant; and (4) undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The first, second, and fourth factors on their own compel the Court to deny Plaintiff's Motion to Amend.

---

[1] Plaintiff may not amend his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) because the Motion to Amend was filed more than twenty-one days after service of Lockheed Martin's Motion to Dismiss.

4

A.  **Plaintiff's Motion to Amend Is Tardy by Over Two Weeks Without Sufficient Explanation.**

Plaintiff's Motion to Amend should be denied because he provides no justifiable reason for the delay in amending his Complaint to add allegations and claims of which he was or should have been aware at the time he filed his Complaint.

i.  *Plaintiff provides no justifiable reason for his delay.*

The Tenth Circuit has repeatedly found untimeliness, without adequate explanation for the delay, alone, is a sufficient basis for denial of a motion for leave to amend and prejudice need not exist. *See Frank v. U.S. West*, 3 F.3d 1357, 1356-66 (10th Cir. 1993); *Castanon v. Cathey*, 976 F.3d 1136, 1144-45 (10th Cir. 2020); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision"). In assessing undue delay, this court "focuses primarily on the reasons for the delay and has held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1066 (D. Colo. 2014).

There is no excuse for Plaintiff's delay in amending his Complaint. To begin, in the Motion to Amend, Plaintiff's counsel states the delay was the result of Plaintiff's ignorance "of the procedure he needed to follow prior to filing his FAC." (Dkt. #30.) But, Plaintiff was not proceeding *pro se* on February 22, 2023 when he filed the Amended Complaint. While counsel for Plaintiff did not formally enter an appearance until April 4, 2023 (Dkt. #26), Plaintiff has been represented by counsel since at least December 28, 2022, as evidenced by the Declaration of Mr. Pierce. (Dkt. #16, ¶ 2 ("I have been retained by Plaintiff in the above-entitled action.").) Nonetheless, even if Plaintiff was *pro se*, he "must follow the same rules of procedure that govern

5

other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also* Dkt. #23. Here, Plaintiff did not, despite the Court's granting of additional time, bring his filings into compliance.

In an attempt to further justify Plaintiff's delay, Plaintiff's counsel also states she was *just* admitted to "this State's bar". (Dkt. #30, ¶ 6.) For clarification, Plaintiff's counsel is not admitted to the Colorado State Bar but rather only to the U.S. District Court, District of Colorado. As indicated on this Court's website, it only takes about three business days to process an application for admission.[2] Yet, Plaintiff's counsel has represented to this Court since December 28, 2022 that his "team is . . . working on th[e] application process." (*See* Dkt. #16, ¶ 8.) Plaintiff's counsel provides no reason why the application process took nearly four months instead of three days to complete.

Finally, Plaintiff's counsel's assertion that "multiple staff members had contracted the flu, strep throat, and Covid-19", does not adequately justify the delay. (Dkt. #30, ¶ 7.) On February 28, 2023, the Court granted Plaintiff nearly a month, up to and including March 20, 2023, to file a response or amended complaint that complied with the local rules. (Dkt. #24.) Plaintiff did not file any response by this deadline. Vague references to various ailments suffered by unidentified staff members does not justify such a blatant disregard of this Court's deadlines. Plaintiff's counsel's purported reasons for the delay are a sham; accordingly, the Court should deny Plaintiff's Motion to Amend.

---

[2] The United States District Court District of Colorado, Attorney FAQs, http://www.cod.uscourts.gov/AttorneyInformation/AttorneyFAQs.aspx (last visited Apr. 26, 2023).

> ii. *Plaintiff knew the facts upon which the proposed amendment is based at the time he filed his original Complaint.*

Courts routinely deny a motion to amend when it appears the plaintiff is using Rule 15 to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998), to "salvage a lost case by untimely suggestion of new theories of recovery," *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001), or to present "theories seriatim" in an effort to avoid dismissal, *Pallottino*, 31 F.3d at 1027. Indeed, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank*, 3 F.3d at 1366 (citing *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)); s*ee also McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (affirming order denying leave to amend, noting "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint [and he] offered no explanation for the undue delay."). Courts have found a party knew or should have known the facts upon which the proposed amendment is based where the party had actual knowledge, or where the facts were of obvious importance to the party and were not difficult to learn. *See, e.g., Muller v. Culbertson,* 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished) (denying plaintiff's motion to amend where he changed his allegations as to the identity of his employer in response to a defendant's motion to dismiss, because the plaintiff knew or should have known who his employer was).

Plaintiff attempts to amend his Complaint based solely on information available to him at the time he filed his Complaint. Indeed, Plaintiff was undoubtedly aware of the newly added allegations occurring during his tenure with Lockheed Martin. The new allegations are grounded entirely in his own recollection of events during his employment and the "extensive, detailed, and

7

lengthy notes" he allegedly took while employed by Lockheed Martin. (Dkt. #30-3, p. 11.) Plaintiff provides no reason why he could not have pled these allegations in the original Complaint. There is also no reason Plaintiff could not have asserted his breach of contract and breach of implied duty of good faith and fair dealing claims in his original Complaint. In light of the blatant defects in Plaintiff's Complaint, many of which are incurable, as outlined in Defendant's Motion to Dismiss, Plaintiff is improperly using Rule 15 to try to salvage his case from impending dismissal.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Amend on the basis of undue and unexplained delay. *Vazirabadi v. Denver Pub. Sch.*, No. 17-CV-1194-WJM-SKC, 2019 WL 2590936, at *8 (D. Colo. June 25, 2019), aff'd, 820 F. App'x 805 (10th Cir. 2020) (denying motion to amend where plaintiff knew of information over "100 days before he attempted to amend his complaint").

**B.      Plaintiff's Amendments Are Futile.**

Even if the Court determines Plaintiff's Motion to Amend is not unduly delayed, it should still be denied because his amendments do not save the Complaint from dismissal. Although Fed. R. Civ. P. 15(a) provides a liberal standard in construing a motion for leave to amend a pleading, "the district court may deny leave to amend where the amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invr's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the Tenth Circuit, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*; *United States ex rel. Hanlon v. Columbine Mgmt. Servs., Inc.*, 676 F. App'x 787, 791 (10th Cir. 2017). Put differently, a district court should deny a motion to amend where the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To make this determination, the Court must

necessarily look ahead towards the arguments supporting a motion to dismiss. *See Kneen v. Zavaras*, No. 10-CV-01284-CMA-MEH, 2012 WL 2060856, at *3 (D. Colo. Feb. 2, 2012), report and recommendation adopted in part, 885 F. Supp. 2d 1055 (D. Colo. 2012) (denying leave to amend because the court lacked subject matter jurisdiction and the defendant would be successful on a motion to dismiss).

### i. *Plaintiff cannot remedy the untimeliness of his ADA and CADA claims.*

The ADA and its state counterpart, CADA, require a plaintiff to exhaust administrative remedies before filing a civil suit. *Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021). Exhaustion under the ADA requires the plaintiff to file an administrative charge within 300 days of the alleged discriminatory action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Similarly, CADA requires discrimination charges be filed within "six months after the alleged discriminatory or unfair employment practice occurred." *Deneffe v. SkyWest, Inc.*, No. 14–cv–00348–MEH, 2015 WL 232128, at *4 (D. Colo. Jan. 16, 2015) (citing Colo. Rev. Stat. § 24–34–403). A claim generally is time-barred and not actionable if it is not filed within these limits. *Id.* (citing *Quicker v. Colo. Civil Rights Comm'n*, 747 P.2d 682, 683 (Colo. App. 1987)).

As set forth in Lockheed Martin's Motion to Dismiss, Plaintiff filed his Charge of Discrimination forty-three days **after** the longer statute of limitations under the ADA had run. Therefore, Plaintiff's ADA and CADA claims are time-barred. No amendment can save Plaintiff from impending dismissal of his untimely claims. *See Mercer-Smith v. New Mexico Children, Youth and Families Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011) (holding "because amendment

9

cannot cure this statute of limitations defect, the district court was not required to permit [Plaintiffs] to amend their complaint.").

   ii.   *Plaintiff's claim under the National Defense Authorization Act as amended is futile.*

Plaintiff fails to allege sufficient facts in his amended complaint to state a claim for relief under the NDAA. To state a claim for retaliation under the NDAA, Plaintiff must allege (1) he engaged in protected activity by (a) disclosing information he reasonably believed was evidence of "gross mismanagement of a Federal contract or grant, a gross waste of Federal funds . . ., or a violation of law, rule, or regulation related to a Federal contract" and (b) making such disclosure to a covered person or body, such as a "management official or other employee of the contractor . . . who has the responsibility to investigate, discover, or address misconduct;" (2) he suffered an adverse employment action; and (3) the protected disclosure was a "contributing factor" to the adverse employment action. 41 U.S.C. § 4712(a)(1); *see also Casias v. Raytheon Co.*, No. 17-CV-2635-MSK-SKC, 2019 WL 1170546, at *2 (D. Colo. Mar. 13, 2019).

Just like his original Complaint, the Amended Complaint contains none of the requisite factual allegations for a NDAA retaliation claim. While Plaintiff adds vague allegations that he felt his colleagues "cut corners", were "bending the rules for manufacturing to below the industry standard", and he "talked to [the] ethics department" about his supervisor allegedly "defaming him", none of these facts satisfy the requirements of a claim under the NDAA. (Dkt. #33-3, ¶¶ 64, 66, 76, 78.) As discussed in Lockheed Martin's Motion to Dismiss, Plaintiff does not allege he disclosed evidence pertaining to alleged fraud against the government, mismanagement of federal funds, or violations of federal contract rules to a covered person or entity. He also does not allege

Lockheed Martin knew about such protected activity, or that such protected activity caused his termination. Accordingly, Plaintiff's proposed amendment still does not save his NDAA claim.

### iii. *Plaintiff's new claims for breach of contract and breach of implied duty of good faith and fair dealing will not survive a motion to dismiss.*

Plaintiff's newly added claims of breach of contract and breach of implied duty of good faith and fair dealing are futile because he fails to state a claim for relief. In Colorado, employees are presumed to be "at will . . . whose position can be terminated without cause or notice and whose termination does not give rise to a cause of action." *Healion v. Great-W. Life Assur. Co.*, 830 F. Supp. 1372, 1375 (D. Colo. 1993). To that end, courts *only* recognize breach of contract claims in the employment context when there is an alleged promise "sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms." *See Geras v. Int'l Bus. Machs. Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011) (internal citation omitted).

Plaintiff fails to allege the most fundamental requirement of a breach of contract claim—a contract. Indeed, he does not identify any actual promise upon which his claim is based or how Lockheed Martin failed to uphold any alleged promise. Therefore, Plaintiff's newly added claim for breach of contract is ripe for dismissal. *See, e.g.*, *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (affirming dismissal of contract claim as a matter of law where employee failed to show specific facts from which a contract could be inferred).

Similarly, Plaintiff's breach of implied duty of good faith and fair dealing is subject to dismissal because "under Colorado law there is no cause of action for breach of implied covenant of good faith and fair dealing in employment situations." *Marsh v. Delta Air Lines, Inc.*, 952 F. Supp. 1458, 1464-65 (D. Colo. 1997); *Donohue v. Unipac Serv. Corp.*, 847 F. Supp. 1530, 1535

(D. Colo. 1994). Moreover, a breach of good faith and fair dealing claim must be premised on the existence of a valid contract. *See Decker v. Browning-Ferris Indus.*, 931 P.2d 436, 443 (Colo. 1997) ("A breach of [good faith and fair dealing] therefore constitutes a breach of an obligation created by the contract . . . rather than a breach of an obligation arising independently from the contract."). Here, there is not any contract between Plaintiff and Lockheed Martin. For the foregoing reasons, Plaintiff's amendments are futile; therefore, the Court should deny the Motion to Amend.

**C.    Lockheed Martin Will Be Unduly Prejudiced by the Proposed Amendments.**

Prejudice is an important factor in deciding a motion to amend the pleadings. *See Minter v. Prime Equip. Co*, 451 F.3d 1196, 1208 (10th Cir. 2006). If the Court grants Plaintiff's Motion to Amend, Lockheed Martin will be forced to file essentially the same Motion to Dismiss it already filed, but with certain revisions to address the defects in the two new causes of action. This will result in more legal bills for Lockheed Martin, who will also have to file a reply brief and potentially argue the superfluous motion in Court. Granting Plaintiff's Motion to Amend would also unnecessarily waste judicial time and resources. The Court should take the next step in bringing this groundless litigation to an end by denying Plaintiff's Motion to Amend.

## **CONCLUSION**

Based on the foregoing, Lockheed Martin respectfully requests this Honorable Court deny Plaintiff's Motion to Amend.

Respectfully submitted this 26th day of April, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Rebecca M. Lindell
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of April, 2023, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLANTIFF'S "NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT"** with the Clerk of Court using the CM/ECF system which shall serve a true and accurate copy of the same upon counsel for Plaintiff, as follows:

Aszaneé R. Laws
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA
alaws@armchairlegal.net

*s/Alison L. Shaw*
Alison L. Shaw, Paralegal