IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference in this matter is set for **May 10, 2023**, **at 12:00 p.m.**, to be conducted before Magistrate Judge **Maritza Dominguez Braswell**.

Appearing for the Parties are:

Plaintiff Daniel P. Richards is represented by:

Aszaneé R. Laws
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA
Telephone: 916.548.7836
alaws@armchairlegal.net

1

Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space is represented by:

Michael H. Bell
Rebecca M. Lindell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2000 South Colorado Boulevard, Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims under federal law pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over Plaintiff's Colorado state law claims pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** Daniel Richards is a military veteran, who served for 15 years. Richard's leg was injured from and during his service in the U.S. military and as a result of those injuries, his leg developed what is sometimes known as "compartment syndrome". This condition results in fluids building up in internal spaces (compartments) in the legs and its bones. The U.S. military has formally and officially recognized Richard's condition as a permanent disability and designated Richards as being 90% disabled.

Richards was hired by Lockheed Martin as a technician on or about June 1, 2015. LM terminated Richards' employment by a document titled DISMISSAL AND NOTICE OF RIGHTS on or about March 24, 2021. Richards had committed no defect or insufficiency in his work to justify termination. Within a year of his hiring, Richards was promoted to the position of "manufacturing support team member." After his promotion, Richards discovered that the new

job turned out to be far more walking than he had anticipated upon accepting promotion. Richards also discovered that as a result of this substantial increase in daily walking, his injured leg was far more painful and inflamed than he had expected. As a result, Richards requested an accommodation under the Americans with Disabilities Act and workplace rules to accommodate the continuing injury to his leg and the impact on his health. Lockheed Space refused to provide any accommodation to Richards.

Accordingly, Richards contends that Lockheed's Space's refusal to provide accommodation to his disability was an intentional "constructive discharge." By 2021, Mr. Richards reasonably felt that harassment by his then supervisor (Mr. Morgan) created an extremely hostile work environment and so he reported the discriminatory treatment to Lockheed's Ethics and Human Resources departments. In response to these reports, Lockheed Space did nothing to aid Richards and ignored all of his requests for assistance. The discriminatory conduct of which Plaintiff claims the Defendants committed includes: wrongful termination, breach of contract, breach of good faith and fair dealing, failure to provide reasonable accommodations for a disability, differential treatment and unequal terms and conditions of employment, retaliation, and harassment (including constructive termination). Notwithstanding the foregoing, Lockheed Martin discriminated against Plaintiff based on his legally protected status, under the Americans with Disabilities Act (the "ADA"), the Colorado Anti-Discrimination Act ("CADA"), the National Defense Authorization Act (the "NDAA").

Additionally, Lockheed Martin retaliated against Plaintiff based on his protected activity. Plaintiff's employment with Lockheed Martin was at-will, however that does not give Defendants the right to discriminate or retaliate in violation of Plaintiff's rights and under Title

VII. Thus, as a result of the wrongful termination and unlawful acts perpetrated against the Plaintiff, the Defendants breached the contract of employment and breached their implied duty of good faith and fair dealing. Furthermore, Plaintiff's claims under the ADA and CADA are not time-barred, because Richards timely filed a charge of discrimination with the EEOC under Charge No: 531-2022-01431.

On April 4, 2023, Plaintiff filed a Notice of Motion and Motion for Leave to Amend to File First Amended Complaint and Plaintiff Daniel Richards' Notice of First Amended Complaint (the "Motion to Amend"). (Dkts. #27, 27-1, 30). Should the Court grant Plaintiff's pending Motion to Amend, Plaintiff reserves the right to access discovery in order to further establish his claims against the Defendant.

a. **Defendant:** Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space ("Lockheed Martin") denies it took any unlawful action with regard to Plaintiff's employment. Lockheed Martin filed a Motion to Dismiss on February 2, 2023 for failure to state a claim upon which relief can be granted identifying many deficiencies in Plaintiff's Complaint, including several that are incapable of being cured via amendment (the "Motion to Dismiss," Dkt. #20.) On February 22, 2023, the deadline to respond to the Motion to Dismiss, Plaintiff filed an Amended Complaint which failed to comply with D.C.COLO.LCivR 15.1(a). (Dkt. #22.) Accordingly, on February 28, 2023, the Court *sua sponte* struck Plaintiff's Amended Complaint and granted Plaintiff up to and including March 20, 2023 to either respond to Lockheed Martin's Motion to Dismiss or file an amended complaint that complied with the Local Rules. (Dkts. #23-24.) Plaintiff filed neither a response to the Motion to Dismiss nor any amended Complaint by this deadline. On April 4, 2023, Plaintiff filed a Notice of Motion and Motion for Leave to Amend to File First

4

Amended Complaint and Plaintiff Daniel Richards' Notice of First Amended Complaint (the "Motion to Amend"). (Dkts. #27, 27-1, 30.) As a result, Lockheed Martin's investigation into Plaintiff's claims and Lockheed Martin's prospective defenses remains ongoing.

Notwithstanding the foregoing, Lockheed Martin did not discriminate against Plaintiff based on any legally protected status, whether under the Americans with Disabilities Act (the "ADA"), the Colorado Anti-Discrimination Act ("CADA"), the National Defense Authorization Act (the "NDAA"), or otherwise. Similarly, Lockheed Martin did not retaliate against Plaintiff based on any claimed protected activity. Plaintiff's employment with Lockheed Martin was at-will; accordingly, Lockheed Martin also did not breach any alleged contract with Plaintiff or any implied duty of good faith and fair dealing. Furthermore, as set forth in Lockheed Martin's Motion to Dismiss (Dkt. #20), Plaintiff's claims under the ADA and CADA are time-barred because he failed to timely file a charge of discrimination and exhaust his administrative remedies.

Lockheed Martin expressly reserves the right to answer all allegations and states any applicable defenses as it continues investigating Plaintiff's allegations and preparing a responsive pleading should the Court grant Plaintiff's pending Motion to Amend.

## 4.  UNDISPUTED FACTS

**The following facts are undisputed:**

a. Lockheed Martin employed Plaintiff.

## 5.  COMPUTATION OF DAMAGES

**Plaintiff:** Richards requests damages in the form of reimbursement for lost salary and benefits, for future pecuniary losses, and punitive damages due to Defendant's wrongful conduct. In addition, the Plaintiff also demands reinstatement for his unlawful firing, pursuant to Section 706

(g) (1) of the Civil Rights Act of 1964 as amended, including back pay for up to two years measured from the date of firing until the time of decision in this case, for a total of $65,000 for two years or $130,000, plus lost benefits of insurance and any other relief the Court deems necessary.

**Defendant:** Lockheed Martin is not presently asserting a counter-claim for damages, but reserves the right to do so based on discovery or on other information or future developments. Lockheed Martin has incurred, and will continue to incur, legal costs, expenses, and attorneys' fees in defense of this action and reserves the right to seek recovery on such fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:** April 26, 2023.

b. **Names of each participant and party he/she represented.**

   i. Aszaneé R. Laws, counsel for Plaintiff.

   ii. Rebecca M. Lindell, counsel for Lockheed Martin.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:** Rule 26(a)(1) disclosures have been scheduled to be exchanged between the Parties on or before May 17, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** In light of Plaintiff's pending Motion for Leave to File First Amended Complaint, the Parties have agreed to exchange initial disclosures after the briefing on the Motion is complete.

e. **Statement concerning any agreements to conduct informal discovery:** None.

f. **Statement concerning any other agreements or procedures to reduce discovery and**

6

**other litigation costs, including the use of a unified exhibit numbering system:** The Parties have discussed the use of a unified exhibit numbering system for trial exhibits, and will comply with the appropriate practice standard for trial exhibits. The Parties have agreed they will use one set of exhibits with a unified exhibit numbering system for deposition exhibits. The Parties also agree to Bates label the documents they produce. The Parties have further agreed electronic service via email should include each of the following representatives:

- **For Plaintiff:** alaws@armchairlegal.net, jpierce@johnpiercelaw.com, cburns@johnpiercelaw.com

- **For Defendant:** mike.bell@ogletree.com, rebecca.lindell@ogletree.com, and alison.shaw@ogletree.com

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.** The Parties do not anticipate the claims or defenses will involve discovery of extensive electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** The Parties have discussed the potential of an early resolution and agree to continue to explore a resolution of this matter as the case progresses.

**7. CONSENT**

All parties ☐ [have] ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** The Parties agree to a limit of 7 depositions per side and will follow the requirements of Fed. R. Civ. P. 30(a). The Parties agree to a limit of 25 written interrogatories per side, including all discrete subparts, per Fed. R. Civ. P. 33(a)(1).

b. **Limitations which any party proposes on the length of depositions:** The Parties will follow the limits of one day of 7 hours as set forth in Fed. R. Civ. P. 30(d)(1) and will attempt to shorten the length where possible.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:** The Parties agree to a limit of 25 requests for production per side and 25 requests for admission per side.

d. **Deadline for service of interrogatories, requests for production of documents and/or admissions: November 3, 2023**, which is the first business day thirty (30) days prior to the discovery cut off.

e. **Other Planning or Discovery Orders:** All discovery motions shall be made in compliance with the Practice Standards of this Court.

**9. CASE PLAN AND SCHEDULE**

a. **Deadline for Joinder of Parties and Amendment of Pleadings: June 1, 2023**

b. **Discovery Cut-off:**   <u>**December 4, 2023.**</u>

c. **Dispositive Motion/Rule 702 Motion Deadline**:  <u>**January 18, 2024.**</u>

d. **Expert Witness Disclosure:**

   1. **The parties shall identify anticipated fields of expert testimony, if any.**

      i. **Plaintiff:** Richards reserves the right to disclose a vocational expert and/or rebuttal expert if he retains one.

      ii. **Defendant:** Lockheed Martin reserves the right to disclose a vocational expert and/or rebuttal expert.

   2. **Limitations which the parties propose on the use or number of expert witnesses:**  The Parties limit the number of experts to two per side.

   3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** <u>September 20, 2023</u>.
      .

   4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** <u>**October 20, 2023.**</u>

e. **Identification of Persons to Be Deposed:**

9

Plaintiff:

    i. Any witness disclosed during discovery; and

    ii. Any retained experts.

Defendant:

    i. Plaintiff;

    ii. Any witness disclosed during discovery; and

    iii. Any retained experts.

This list may be amended and/or supplemented subsequent to the exchange of initial disclosures. The Parties reserve their right to depose other witnesses as discovery progresses. The Parties need not move to amend this Scheduling Order to depose persons not identified in the above list provided the Parties adhere to the limits on the number of depositions set forth in § 8a, above.

## 10. DATES FOR FURTHER CONFERENCES

a. A final pretrial conference will be **held by Judge Sweeney.** A Final Pretrial Order shall be prepared by the Parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:** None at present.

b. **Anticipated length of trial is:** 5 days, including jury selection.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N.**

**Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:** None.

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 10th day of May 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

<u>s/ Aszanee R. Laws</u>
Aszaneé R. Laws
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA
alaws@armchairlegal.net

*Attorney for Plaintiff Daniel P. Richards*


<u>s/ Rebecca M. Lindell</u>
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:  303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2023, I electronically filed the foregoing **[PROPOSED] SCHEDULING ORDER** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to counsel for Plaintiff, as follows:

Aszaneé R. Laws
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA
alaws@armchairlegal.net


*s/Alison L. Shaw*
Alison L. Shaw, Paralegal