IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01640–CNS–MDB

DANIEL P. RICHARDS, a resident of the State of Washington,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN SPACE, a corporation headquartered and organized under the laws of the State of Maryland,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on Plaintiff's failure to attend the motion hearing set for June 6, 2023, held briefly to address Plaintiff's motion for a continuance, which motion was filed less than 30 minutes before the hearing, and ultimately continued to a later date.

Plaintiff, Daniel P. Richards, is a former employee of Defendant, Lockheed Martin Corporation D/B/A Lockheed Martin Space ["Lockheed Martin"]. Plaintiff filed his Complaint on July 1, 2022. (Doc. No. 1.) Plaintiff's Complaint asserts claims against Lockheed Martin for alleged violations of the Americans with Disabilities Act [the "ADA"], the Colorado Anti-Discrimination Act ["CADA"], the False Claims Act [the "FCA"], and the National Defense Authorization Act [the "NDAA"]. (*Id*.)

Initially, Plaintiff was proceeding *pro se* and failed to serve Lockheed Martin within ninety days of filing the Complaint. The Court held a Status Conference on September 20, 2022,

whereby it extended the service deadline to November 15, 2022. (Doc. No. 10.) Plaintiff again failed to serve Lockheed Martin by the deadline, so, on December 5, 2022, the Court ordered Plaintiff to show cause as to why his claims against Lockheed Martin should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 11.)

On December 27, 2022, Plaintiff filed a Motion for Enlargement of Time for Entry of Counsel and to Serve Defendant, and a Declaration of John M. Pierce in Support of Plaintiff's Response to Order to Show Cause. (Doc. Nos. 15, 16.) In the Declaration, Mr. Pierce, who is licensed only in California, stated he was retained by Plaintiff to represent him in this action, but he had trouble retaining local counsel. (Doc. No. 16.) On January 3, 2023, the Court ordered Plaintiff to serve Lockheed Martin by January 13, 2023. (Doc. No. 19.) Plaintiff served Lockheed Martin on January 12, 2023.

Lockheed Martin filed a Motion to Dismiss on February 2, 2023, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), arguing Plaintiff's ADA and CADA claims are time-barred for failure to exhaust administrative remedies timely, and arguing that the Complaint is devoid of the requisite factual allegations and fails to satisfy the notice pleading standard. (Doc. No. 20.)

Rather than respond to the motion, Plaintiff purported to file an Amended Complaint on February 27, 2023, but the filing did not comply with the applicable rules, and the Court struck the amended complaint and granted Plaintiff up to and including March 20, 2023, to either respond to Lockheed Martin's Motion to Dismiss or to file an amended complaint that complied with the Local Rules. (*See* Doc. Nos. 23, 24.) Plaintiff failed to meet the Court's deadline.

2

Although Mr. Pierce submitted a declaration in December 2022, indicating he was retained by Plaintiff, and taking "full responsibility" for the delay in service (Doc. No. 16 at ¶¶ 2, 9), he did not—and still has not—entered an appearance in this case. Instead, on April 4, 2023, Ms. Aszannee Laws, an attorney affiliated with Mr. Pierce's firm and admitted to the California bar in January 2023,[1] entered her appearance on behalf of Plaintiff. (Doc. No. 26.). That same day, Ms. Laws filed a Notice of Motion and Motion for Leave to Amend to File First Amended Complaint and Plaintiff Daniel Richards' Notice of First Amended Complaint [jointly referred to herein as the "Motion to Amend"]. (Doc. Nos. 27, 27-1.) The Court *sua sponte* denied the Motion to Amend because it failed to include a certificate of conferral. Defendant represented that Plaintiff did not confer with them prior to filing that motion. (*See* Doc. No. 33 at 4.) After the Court denied the Motion to Amend, Plaintiff conferred with defense counsel and then refiled the Motion to Amend. (Doc. No. 30.)

The Court held a scheduling conference on May 10, 2023. (Doc. No. 38.) Because the Motion to Amend (Doc. No. 30) was already pending at the time, and because Plaintiff had been making attempts to file the amended complaint since February, the Court inquired as to the Motion to Amend. (*Id.*) However, Ms. Laws represented to the Court that she was not prepared to address the Motion to Amend at that time. The Court inquired into general matters related to the case and expressed concern about Ms. Laws' lack of preparedness. Nevertheless, the Court sought to allow Ms. Laws and her firm adequate time to prepare and therefore set a separate hearing on the Motion to Amend. Specifically, the Court scheduled a hearing on the Motion to Amend for June 6, 2023. (Doc. No. 37.)

---

[1] Aszaneé R. Laws # 348312 - Attorney Licensee Search (ca.gov)

On June 6, 2023, just under 30 minutes prior to the Motion to Amend hearing, Plaintiff's counsel filed a motion to continue, stating,

> counsel for Plaintiff Daniel Richards ("Richards") is at a Los Angeles Urgent Care facility with a medical emergency. Ms. Laws is not able to appear at Mr. Richards Motions hearing as she has severe respiratory symptoms including a persistent cough that makes it impossible for her to complete the hearing without severe coughing fits and rib pain. Additionally, the attorney that was supposed to be taking over for Ms. Laws is still in the process of being admitted and for that reason cannot appear on her behalf.

(Doc. No. 41.) It is unclear which unnamed "counsel" was at an urgent care facility. Based on Mr. Pierce's previous declaration that *he* was retained by Plaintiff and that he took "full responsibility for the delay in serving the Defendant," the Court presumes Mr. Pierce is the supervising attorney that Ms. Laws is referring to when she says "counsel" is at an urgent care facility. (*See* Doc. No. 16.) However, the motion is ambiguous, and it may have been Ms. Laws who was in urgent care due to the cough described in the motion to continue. Nevertheless, it is unclear to the Court why Ms. Laws had to wait until 30 minutes before a hearing to seek a continuance. If her cough was as persistent and pain-inducing as she described, it presumably developed earlier than 30 minutes before the hearing. Additionally, Defendant contends that these purported ailments—which Plaintiff's counsel previously relied on to excuse other missteps—are a "sham." (*See* Doc. No. 33 at 6). And the Court is troubled by the following article, which suggests that similar ailments purportedly plagued this firm several years ago when Mr. Pierce went missing on other cases: Dan Mangan, *Capitol Riot Lawyer John Pierce Goes Missing With Covid Excuse and 17 Pending Cases, Prosecutors Say*, CNBC, Aug. 31, 2021, https://www.cnbc.com/2021/08/31/capitol-riot-lawyer-john-pierce-missing-after-using-covid-as-excuse.html. Finally, it appears Ms. Laws is a junior attorney with limited experience as

4

a lawyer and with our local rules and this Court's practices, and the Court is concerned about the level of supervision she is or is not receiving. For all of these reasons, it is

**ORDERED** that on or before **June 20, 2023,** Plaintiff's counsel, Ms. Aszanee R. Laws, and Mr. John Pierce, shall respond to this Order to Show Cause detailing:

1) why they should not be sanctioned in connection with their failure to comply with Court-ordered deadlines and their failure to file a motion for a continuance sooner than 30 minutes before the hearing. The Court expects counsel to provide an affidavit from Mr. Pierce and a separate affidavit from Ms. Laws, attaching proof of any purported ailments and hospitalization; and

2) why the Court should not order them to affiliate with local counsel who is familiar with local rules and this Court's practices; and

3) why Mr. Pierce should not be ordered to enter an appearance on Plaintiff's behalf.

Dated this 12th day of June, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge