IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

    Defendant.

---

**JOHN M. PIERCE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

---

    John M. Pierce hereby files this Response to the Court's Order to Show Cause dated June 12, 2023, and, for the reasons stated herein, respectfully requests that the Court not sanction counsel for Plaintiff and not order affiliation with local counsel. With respect to his appearance, today I filed an application to be admitted to the District of Colorado for purposes of appearing in this case.

1. The Court's frustration with me is well-taken. I have meant no disrespect to the Court, and I never would. I earnestly hope that the following forthright explanation alleviates the Court's concerns at least to the extent that the case can proceed without the need for sanctions or local counsel.

2. The simple reality is that I have taken on too much work over the last several years. This has not been done out of malice or selfishness. To the contrary, it has been out of a sincere drive to help those who cannot help themselves during a time of extraordinary societal strife and stress on the American rule of law.

3. Without setting forth a list of all the public interest and Constitutionally-significant cases I have taken on, the most salient point is that I have taken on the representation of dozens of January 6th defendants – more than any lawyer in the country. This has resulted in a trial schedule that is virtually impossible. I and my firm just finished two major January 6th felony trials over the past couple months, and we currently have 10 January 6th trials scheduled between now and the end of the 2023 calendar year, with trials already being scheduled for 2024.

4. Largely as a result of this schedule, there has been a massive strain on my personal health during the past couple years, as well as the financial and administrative health and stability of both my life and my law firm. Despite these challenges, myself and the other members of my firm have consistently prevailed in the most difficult of circumstances, including winning the most favorable jury verdict to date for a January 6th defendant on June 1, 2023.

5. It has been extremely difficult to manage the entire caseload we have, including for the reason that it has been virtually impossible to recruit lawyers and staff to assist with clients we represent whose causes are often considered extremely unpopular in the legal industry at this point in American history.

6. With respect to the issues raised by the Order to Show Cause in this case, following is what I understand occurred that I have first-hand knowledge of.

7. I tried an extremely intense January 6th felony case commencing on May 15, 2023 for defendant Kenneth Joseph Thomas. Mr. Thomas was facing potentially decades in prison. The trial took over a week, and jury deliberations continued until the end of May, with more than a dozen jury questions. In the midst of this, there was also a continuous and massive amount of work on other January 6th cases.

8. I have a history of pushing myself to the point of exhaustion during intense periods of work, and neglecting my own health. This resulted in the 12-day hospitalization referenced in the Order to Show Cause in 2021 with extremely serious medical issues (indeed, life-threatening). It also occurred at the end of May 2023 as the *Thomas* jury trial had concluded and deliberations were ongoing.

9. Prior to May 31st, I had been experiencing significant sinus and respiratory symptoms commencing approximately May 22nd. I assumed these were the result of a relatively mild viral cold or flu infection and did not seek treatment. By the late night of May 30th and early morning of May 31st, the symptoms had become extreme. I was coughing uncontrollably, especially when I would attempt to speak, and when this happened I would experience severe rib pain that was becoming progressively worse and worse. In addition, what had been a relatively dull pain behind in the left side of my face and head behind the nasal area, in the forehead, and between the upper jaw and left ear area started to become intense. It became obvious to me at that point that I had some sort of bacterial infection of the sinus and/or lungs that was becoming dangerous. While I had been attempting to avoid seeking medical treatment to finish attending Court for the *Thomas* jury deliberations, the condition was now impossible to ignore. (Pierce Aff. ¶ 2)

10. So on the early morning of May 31, 2023, I took an Uber to a DC-area urgent care facility that I Googled on my phone. (Pierce Aff. ¶ 3)

11. After several hours of waiting, I was seen by a physician who quickly determined that I indeed had a very serious bacterial sinus infection, likely along with bacterial bronchitis and potentially early phases of pneumonia (while the documentation attached to my affidavit diagnoses only a sinus infection, that is what the doctor stated to me). The doctor prescribed a 7-day course of antibiotics, along with a prescription inhaler and prescription anti-congestion medication. In extreme distress, I was able to obtain the medications at a DC-area pharmacy later that afternoon. (Pierce Aff. ¶ 4 and Exhibit A).

12. As a result of this illness, I had to request an emergency continuance of a sentencing that was set for the morning of May 31, 2023 for January 6th defendant Kirstyn Niemela, and I was unable to attend jury deliberations on May 31st or June 1st 2023 (the day a verdict was rendered) in the *Thomas* case. I began taking the antibiotics and they began to help immediately. (Pierce Aff. ¶ 5)

13. As I recovered over the next several days, myself and others in my firm were continuing to do a massive amount of work on other January 6th cases. I was not paying attention to the calendar in this case the way I should have. On June 5th I realized that there was a hearing set for June 6th. I instructed the members of my firm to ensure the hearing was handled or that a continuance was obtained. I mistakenly assumed that either the hearing would be conducted by Ms. Laws or a continuance would be sought well prior to 30 minutes before the hearing. (Pierce Aff. ¶ 6)

14. I was not aware of anything else regarding the case until Ms. Laws indicated the hearing had been continued until June 22nd, and then I became aware of the Order to Show Cause.

I had no part in drafting the motion to continue and was not aware of its content prior to it being filed. (Pierce Aff. ¶ 7)

15. It is clear that Ms. Laws used language from the May 31st motion to continue the sentencing in the *Niemela* case when she drafted the motion to continue, as the title of the document is exactly the same. The language of the motion to continue in this case also uses the exact same language with respect to my symptoms as the motion to continue in the *Niemela* motion did. The motion to continue references an urgent care visit, although my urgent care visit was in DC, not Los Angeles. (Pierce Aff. ¶ 8).

16. Ms. Laws has indicated she coincidentally had similar symptoms as I did. I do not have any first-hand knowledge of that, and I cannot attest to the veracity of those statements. (Pierce Aff. ¶ 9).

17. Ms. Laws is separating from the firm imminently, and she will be withdrawing from the case as I make my appearance. I will plan to attend and argue the motion to amend at the hearing this Thursday, June 22nd.

18. I did not in this case, and never have in any case in state and federal courts throughout the country, made any intentional misrepresentations to any Court. The foregoing statements in this Response are true and correct under penalty of perjury (as also set forth in the attached Affidavit).

19. I continue to work with the other members of my firm to recruit additional lawyers and staff, and to obtain the necessary funds to pay for them. I am confident this will occur. I commit to the Court that I will personally handle moving this case forward diligently to its completion.

20. While I of course would work with local counsel if the Court orders it, neither my firm nor the Plaintiff has the financial resources at this time to retain additional counsel. I respectfully ask the Court to provide me with the opportunity to be admitted to the Court and be permitted to push this case forward. I promise the Court I am focused on this case and will remain so until its resolution.

Dated: June 20, 2023

                Respectfully submitted,

                **JOHN PIERCE LAW P.C.**

                */s/ John M. Pierce*
                John M. Pierce
                21550 Oxnard Street
                3rd Floor PMB #172
                Woodland Hills, CA 91367
                P: (213) 349-0054
                jpierce@johnpiercelaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

    Defendant.

## JOHN M. PIERCE'S AFFIDAVIT IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

I, John M. Pierce, affirm under penalty of perjury that:

1. I am an Attorney, and Managing Partner of the law firm John Pierce Law P.C.. I have personal knowledge of the facts set forth herein. I submit this affidavit in support of the Response to the Court's Order to Show Cause.

2. Prior to May 31st, I had been experiencing significant sinus and respiratory symptoms commencing approximately May 22nd. I assumed these were the result of a relatively mild viral cold or flu infection and did not seek treatment. By the late night of May 30th and early morning of May 31st, the symptoms had become extreme. I was coughing

uncontrollably, especially when I would attempt to speak, and when this happened I would experience severe rib pain that was becoming progressively worse and worse. In addition, what had been a relatively dull pain behind in the left side of my face and head behind the nasal area, in the forehead, and between the upper jaw and left ear area started to become intense. It became obvious to me at that point that I had some sort of bacterial infection of the sinus and/or lungs that was becoming dangerous.

3. On the early morning of May 31, 2023, I took an Uber to a DC-area urgent care facility that I Googled on my phone.

4. After several hours of waiting, I was seen by a physician who quickly determined that I indeed had a very serious bacterial sinus infection, likely along with bacterial bronchitis and potentially early phases of pneumonia (while the documentation attached to my declaration diagnoses only a sinus infection, that is what the doctor stated to me). The doctor prescribed a 7-day course of antibiotics, along with a prescription inhaler and prescription anti-congestion medication. In extreme distress, I was able to obtain the medications at a DC-area pharmacy later that afternoon. The first page of discharge paperwork from the urgent care facility is attached hereto as Exhibit A. (I had taken a photograph of the first page which contained all the relevant information regarding the visit with my telephone camera I the event documentation of the visit was needed and discarded the rest of the pages).

5. As a result of this illness, I had to request an emergency continuance of a sentencing that was set for the morning of May 31, 2023 for January 6th defendant Kirstyn Niemela, and I was unable to attend jury deliberations on May 31st or June 1st 2023 (the day a verdict

was rendered) in the *Thomas* case. I began taking the antibiotics and they began to help immediately.

6. As I recovered over the next several days, myself and others in my firm were continuing to do a massive amount of work on other January 6th cases. I was not paying attention to the calendar in this case the way I should have. On June 5th I realized that there was a hearing set for June 6th. I instructed the members of my firm to ensure the hearing was handled or that a continuance was obtained. I mistakenly assumed that either the hearing would be conducted by Ms. Laws or a continuance would be sought well prior to 30 minutes before the hearing.

7. I was not aware of anything else regarding the case until Ms. Laws indicated the hearing had been continued until June 22nd, and then I became aware of the Order to Show Cause. I had no part in drafting the motion to continue and was not aware of its content prior to it being filed.

8. It is clear that Ms. Laws used language from the May 31st motion to continue the sentencing in the *Niemela* case when she drafted the motion to continue, as the title of the document is exactly the same. The language of the motion to continue in this case also uses the exact same language with respect to my symptoms as the motion to continue in the *Niemela* motion did. The motion to continue references an urgent care visit, although my urgent care visit was in DC, not Los Angeles. The as-filed version of the *Niemela* motion to continue is attached hereto as Exhibit B.

9. Ms. Laws has indicated she coincidentally had similar symptoms as I did. I do not have any first-hand knowledge of that, and I cannot attest to the veracity of those statements.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 20, 2023                                    /s/ John M. Pierce

                                                                                                  John M. Pierce

MedStar Urgent Care at Capitol Hill
228 7Th Street Se
Washington, DC, 20003
Phone: (855) 910-3278     Fax: (202) 698-0794

Case No. 1:22-cv-01640-CNS-MDB  Document 46  filed 06/20/23  USDC Colorado  pg 11 of 13

Ambulatory Clinical Summary
Visit Date: 05/31/2023 08:35
Scheduled Provider: Hood, FNP, Catherine A

EXHIBIT A

* Final Report *

# PIERCE, JOHN

**Visit Date:** 05/31/2023 08:35

## Instructions From Your Provider

You have been diagnosed with a sinus infection. Please take the prescribed antibiotic, Doxycycline, as prescribed. Take after meals and use a probiotic to help prevent GI upset
Continue symptomatic care with over the counter medications, hydration, and rest will help improve your symptoms.
Take doxycycline with full glass of water and sit up for at least 30 minutes after taking to ensure the medicine travels all the way through your esophagus to your stomach. Also take with food to avoid stomach upset.
While taking doxycycline, please use SPF 30 or higher sun screen and avoid prolonged, direct sun exposure in order to prevent the severe sunburn that can occur while taking this antibiotic.
If fever or fatigue persists past a week or return again you should have follow up with your PCP. Seek medical attention immediately or go to the ER for chest pain, significant trouble breathing, any change in mental status, passing out, or any other worsening symptoms.

Your blood pressure was elevated during your visit today. Please have this rechecked with a primary care physician within 1 week. Go to the ER if you develop severe headache, vision changes, chest pain, shortness of breath.

Urgent Care appointments never replace routine physicals and check-ups with your doctors (Primary Care, Gynecology, etc). Please schedule these and any follow-up recommended from your visit.
If you have had blood work or a specimen collected during this **MedStar Health Urgent Care** visit and it is to be sent out for off site testing, you will only receive a call regarding your results if your results are abnormal or if additional testing or treatment is needed.

## Medications

|  | What | How Much | When | Instructions |
|---|---|---|---|---|
| New | albuterol (ProAir HFA 90 mcg/ inh inhalation aerosol) | 2 Puff(s) Inhalation | 4 Times a Day as needed for as needed for wheezing | Pickup at CVS/pharmacy #1337 |
| New | benzonatate (benzonatate 100 mg oral capsule) | 1 Capsule (s) By Mouth | 3 times a day | Duration: 7 Day(s) Pickup at CVS/pharmacy #1337 |

PIERCE, JOHN
DOB: 06/25/1972

MPP-00752827048
Printed on: 05/31/2023 10:06 EDT

EMPI: 49233121
Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) Criminal Case No. <br> ) |
| Complainant | ) 1:21-cr-00623 (CRC) <br> ) |
| v. | ) 1:22-cr-00025 (APM) <br> ) |
| KIRSTYN NIEMELA, | ) <br> ) |
| Defendant | ) |

_____

COUNSEL'S EMERGENCY MEDICAL REQUEST FOR SENTENCING CONTINUANCE

    With profound apologies for the late notice, counsel for Defendant Kirstyn Niemela ("Niemela") is at a DC-area Urgent Care facility with a medical emergency.  Mr. Pierce is not able to appear at Ms. Niemela's sentencing as he has severe respiratory symptoms including a persistent cough that makes it impossible for to complete a sentence without severe coughing fits and rib pain. Additionally, Mr. Pierce has what appears to be a severe sinus infection that is potentially dangerous if it progresses further.

    Three of the individuals in our firm who have been living together in the same office residence in close quarters for months on end have become ill with varying degrees of respiratory and sinus symptoms over the past couple weeks. Unfortunately, Mr. Pierce's symptoms have lingered the longest and have now become acute. Symptoms began relatively mildly approximately 9 days ago during the last day of trial in U.S. v. Kenneth Joseph Thomas.

We have been assuming it was a relatively mild cold or flu. However, whether due to lack of rest because of an overwhelming work schedule or to it being a potentially more serious illness, as of late last night and early this morning this has developed into a severe condition in which Mr. Pierce is extremely feverish and has such a persistent, painful cough that he cannot speak a full sentence without coughing fits and severe rib pain.

Consequently, Niemela requests at least a few days of continuance of sentencing.

RESPECTFULLY SUBMITTED,

/s/