IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

    Defendant.

## LOCKHEED MARTIN'S <u>UNOPPOSED</u> MOTION FOR ATTORNEYS' FEES

Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space ("Lockheed Martin"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits its Motion for Attorneys' Fees pursuant to the Court's July 19, 2023 Order (Dkt. # 51), stating as follows:

### I. CERTIFICATE OF CONFERRAL PURSUANT TO CIV. PRACTICE STANDARD 7.1

Pursuant to D.C.COLO.LCivR 7.1, on July 26 and 27, 2023, counsel for Lockheed Martin conferred with counsel for Plaintiff, John Pierce, regarding the relief requested herein. On July 28, 2023, Mr. Pierce stated that he does not oppose such relief.

### II. PROCEDURAL HISTORY

In the Order, the Court provides a detailed description of the events that have unfolded over the last seven months in this litigation. Therefore, Lockheed Martin will provide only a truncated timeline of the events that form the basis for this Motion. On May 10, 2023, following

a series of delays and deficient filings by Plaintiff, the Court held a Scheduling Conference at which it attempted to discuss the Parties' proposed Scheduling Order and hear arguments on Plaintiff's pending Notice of Motion and Motion for Leave to File First Amended Complaint (the "Motion to Amend," Dkt. #27). Counsel for Lockheed Martin appeared at the May 10 conference prepared to address the merits of the Motion to Amend. Despite the fact that Plaintiff's counsel, Aszanee Laws, signed and filed the Motion to Amend on April 4, 2023, over a month before the May 10 hearing, Ms. Laws represented to the Court during the hearing that she was not prepared to address the Motion to Amend. As a result, the Court scheduled a hearing on the Motion to Amend for June 6, 2023. (Dkt. #37.) Counsel for Lockheed Martin likewise prepared thoroughly for this hearing and appeared ready to argue, for the second time, the Motion to Amend.

Less than thirty minutes before the June 6 hearing, Ms. Laws filed a motion for continuance without conferring with counsel for Lockheed Martin, asserting that "counsel for Plaintiff Daniel Richards . . . [was] at a Los Angeles Urgent Care facility with a medical emergency" and that Ms. Laws was not able to appear for the hearing (the "Motion for Continuance," Dkt. #41). The Court received the filing while in the hearing with counsel for Lockheed Martin and adjourned the hearing based on Plaintiff's counsel's representations in the Motion for Continuance. (Dkt. #51.)

On June 12, 2023, the Court issued an Order to Show Cause ordering Plaintiff's counsel, Ms. Laws and Mr. Pierce, each to explain (1) why they should not be sanctioned for failing to comply with Court-ordered deadlines and for filing a motion for continuance less than 30 minutes before the June 6 hearing, including proof of the purported ailments and hospitalization; (2) why the Court should not order Plaintiff's counsel to retain local counsel; and (3) why Mr. Pierce should not be ordered to officially enter an appearance (Dkt. #44). The Court also reset the hearing on

Plaintiff's Motion to Amend for June 22, 2023 at 11:00 a.m. (Dkt. #43.) Mr. Pierce and Ms. Laws submitted Responses to the Order to Show Cause on June 20, 2023 (Dkts. #45-46) after which the Court vacated the June 22 hearing. (Dkt. #47.)

As a result of Plaintiff's counsel's conduct, on July 19, 2023, the Court issued an Order granting Lockheed Martin leave to file a motion for reasonable fees and costs associated with any unnecessary appearances or delay attributable to Mr. Pierce's law firm. (Dkt. #51.)

### III.   ARGUMENT

Pursuant to the Court's July 19, 2023 Order, attached hereto as **Exhibit A** is the Affidavit in Support of Motion for Attorneys' Fees ("Affidavit") by Michael H. Bell, Lockheed Martin's lead attorney on this case. Lockheed Martin's fees and costs incurred in connection with unnecessary appearances or delay attributable to Mr. Pierce's law firm are outlined in the Affidavit.

As shown by Mr. Bell's Affidavit, the fees sought by Lockheed Martin are reasonable. Lockheed Martin only seeks fees related to its preparation for and/or appearance at the Scheduling Conference and the June 6, 2023 hearing, and its preparation of this motion. Lockheed Martin's counsel spent substantial time and expenses preparing for the May 10, 2023 Scheduling Conference and the June 6, 2023 hearing in order to effectively present arguments in opposition to Plaintiff's Motion to Amend. Plaintiff's counsel was on notice of their obligation to appear at the May 10 Scheduling Conference ready to argue the Motion to Amend, as Federal Rule 16(c) requires a party to "authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference" and further provides that at "any pretrial conference, the court may consider and take appropriate action on…*amending the pleadings*…[and] *disposing of pending motions*." Fed. R. Civ. P. 16(c)(1);

3

16(c)(2)(B, K) (emphasis added). Further, the Court explicitly put Plaintiff's counsel on notice of their obligation to argue the Motion to Amend at the June 6 hearing through its Order of May 10, nearly four weeks before the hearing. (Dkt. #37). Nevertheless, as outlined above and in the Court's Order, Plaintiff's counsel was either not prepared to argue or simply failed to appear at these hearings, causing Lockheed Martin to not only incur unnecessary fees for preparation, but also for its counsel's appearance at the conference and hearing. Plaintiff's counsel's conduct has unnecessarily prolonged this litigation and forced Lockheed Martin to incur unnecessary fees while Plaintiff's counsel flounders to simply plead their case and follow the federal and local rules. In fact, to date, due to Plaintiff's counsel's delays, Lockheed Martin still has not had a chance to present oral argument in opposition to Plaintiff's Motion to Amend and has a motion to dismiss that has been pending without a response from Plaintiff since February 2, 2023 (Dkt. #20).

Further, the rates charged by Lockheed Martin's counsel are reasonable, fair, and consistent with the rates customarily charged for employment litigation services in the Denver market. Mr. Bell's Affidavit explains Lockheed Martin's fees and why they are reasonable under the circumstances.

### IV.   CONCLUSION

In light of the foregoing and the attached evidence, Defendant Lockheed Martin respectfully requests the Court award it $6,530.20 in attorneys' fees pursuant to the Court's July 19, 2023 Order.

Respectfully submitted this 28th day of July, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/Michael H. Bell
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2023, I electronically filed the foregoing **LOCKHEED MARTIN'S UNOPPOSED MOTION FOR ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system which shall send electronic notification of such filing to counsel for Plaintiff, as follows:

John M. Pierce
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
jpierce@johnpiercelaw.com

*s/Alison L. Shaw*
Alison L. Shaw, Paralegal