IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01640-CNS-MDB

DANIEL P. RICHARDS,

 Plaintiff,

v.

LOCKHEED MARTIN CORPORATION
d/b/a LOCKHEED MARTIN SPACE,

 Defendant.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT UNDER FEDERAL RULE 12(b)(6)**

Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space ("Lockheed Martin"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits its Motion to Dismiss the Amended Complaint (the "Amended Complaint," Dkt. # 58) filed by Plaintiff Daniel P. Richards ("Plaintiff"), stating as follows:

### I. INTRODUCTION

The Amended Complaint represents Plaintiff's *fifth* attempt to articulate viable causes of action against his former employer Lockheed Martin, and it is just as baseless as his previous efforts. Plaintiff initially filed his Complaint (the "Complaint", Dkt. # 1) on July 1, 2022 but delayed for months in serving Lockheed Martin, only doing so on January 12, 2023 in response to the Court's explicit direction. (Dkt. # 19.) Lockheed Martin filed a Motion to Dismiss the Complaint (Dkt. # 20) on February 2, 2023, pointing out *inter alia* that Plaintiff's claims under the Americans with Disabilities Act ("ADA") and Colorado Anti-Discrimination Act ("CADA") were

time-barred on their face due to Plaintiff's failure to exhaust his administrative remedies by filing a timely charge of discrimination.

Plaintiff failed to file a response to the Motion to Dismiss. Instead, on February 22, 2023, in his ***second*** attempt to make out a viable case against Lockheed Martin, Plaintiff filed an amended complaint (Dkt. # 22). This filing failed to comply with the Local Rules in several respects, resulting in the Court striking the amended complaint and ordering Plaintiff to file a compliant amended complaint by March 20, 2023. (Dkt. #s 23-24.) Plaintiff failed to abide by this deadline. Instead, on April 4, 2023, he filed a motion for leave to amend with yet another proposed amended complaint (the "Motion to Amend," Dkt. #s 27, 27-1), in his ***third*** attempt at a sustainable pleading. The Court *sua sponte* denied the Motion to Amend the following day due to Plaintiff's counsel's failure to confer with Lockheed Martin's counsel. That same day, in response to Plaintiff's counsel's conferral request, counsel for Lockheed Martin specifically advised Plaintiff's counsel that Plaintiff's ADA and CADA claims were time-barred, providing Plaintiff with yet another opportunity to replead his case. *See* Exhibit A. Plaintiff declined to do so, instead simply re-filing the Motion to Amend on April 5, 2023 (Dkt. # 30) in his ***fourth*** effort to articulate viable causes of action against Lockheed Martin.

On August 15, 2023, after multiple delays occasioned by Plaintiff's counsel's dilatory conduct and over a year after the case's inception, the Court granted Plaintiff one more opportunity to file a sufficient amended complaint. In response, on August 25, 2023, Plaintiff filed the Amended Complaint, yet again asserting claims against Lockheed Martin for alleged violations of the ADA and CADA. Just as they have always been, these claims are barred because Plaintiff failed to exhaust his administrative remedies by filing a timely administrative charge of

discrimination. As Plaintiff admits in his Amended Complaint, his "EEOC Complaint was finalized and filed on March 2, 2022," 43 days *__after__* the statutory deadline. (Am. Compl. ¶ 95.) Furthermore, Plaintiff may not rely on equitable tolling to resurrect his time-barred claims. While Plaintiff alleges his counsel informed him that he submitted a charge of discrimination to the EEOC prior to the deadline, and that he scheduled an interview for Plaintiff with the EEOC, which was subsequently cancelled, Plaintiff does not actually know whether this was done or if his counsel ever even made contact with the EEOC. Equitable tolling is only available under the most "extraordinary circumstances" not present here. Misinformation or error by counsel does not rise to the exacting standard required to equitably toll a deadline, nor does simply making contact with the EEOC. Accordingly, Plaintiff's claims are time-barred.

Since Plaintiff failed to exhaust his administrative remedies, the Court should dismiss his Amended Complaint with prejudice for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.     CERTIFICATE OF CONFERRAL PURSUANT TO CIV. PRACTICE STANDARD 7.1B

On September 6, 7, and 8, 2023, Lockheed Martin's counsel, Michael Bell, e-mailed Plaintiff's counsel, John Pierce (and placed a call to him on September 7), to confer regarding the relief requested herein. Mr. Pierce confirmed on September 8 that Plaintiff would oppose this Motion.

## III.     ARGUMENT

### A.     General 12(b)(6) Legal Standards.

A complaint should be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th

3

Cir. 2001). Here, no set of facts would entitle Plaintiff to relief because Plaintiff did not file a charge of discrimination with the EEOC within 300 days of the last alleged discriminatory action.

**B.    Plaintiff's ADA and CADA Claims Are Barred Due to His Failure to Exhaust Administrative Remedies.**

    1.    <u>Plaintiff Failed to Timely File an Administrative Charge with Respect to His ADA and CADA Claims.</u>

The ADA requires a plaintiff to exhaust administrative remedies before filing a civil suit. *Edmonds-Radford v. S.W. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021). Exhaustion under the ADA requires the plaintiff to file an administrative charge within 300 days of the alleged discriminatory action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Similarly, applicable Colorado law requires that discrimination charges under the CADA be filed within "six months after the alleged discriminatory or unfair employment practice occurred." *Deneffe v. SkyWest, Inc.*, No. 14–cv–00348–MEH, 2015 WL 232128, at *4 (D. Colo. Jan. 16, 2015) (citing Colo. Rev. Stat. § 24–34–403). These administrative time limits are akin to a statute of limitations. *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (citing *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984)). A claim generally is time-barred and not actionable if it is not filed within these limits. *Deneffe*, 2015 WL 232128, at *4 (citing *Quicker v. Colo. Civil Rights Comm'n*, 747 P.2d 682, 683 (Colo. App. 1987)).

A failure to timely exhaust administrative remedies "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. MacMahon*, 768 F. App'x 854, 858 (10th Cir. 2019). Further, if the administrative charge at issue is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an authentic copy to the court to be considered on a motion to dismiss without converting it to a Rule 56 motion.

4

*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *Werahera v. Regents of Univ. of Colo.*, No. 21-cv-02776-NYW, 2022 WL 3645979, at *6, n.5 (D. Colo. Aug. 24, 2022).

Here, Plaintiff admits in the Amended Complaint that his employment at Lockheed Martin ended on March 24, 2021. (Am. Compl. ¶ 24.) He also clearly claims in the Amended Complaint that on March 2, 2022 he filed with the EEOC Charge No. 531-2022-01431 (the "Charge") to preserve his ADA and CADA rights. (Am. Compl. ¶¶ 88, 95.) This date is ***343 days, or 11 months and nine days, after*** the last date Plaintiff claims an alleged discriminatory or unfair employment practice occurred: his termination. (*Id.* ¶ 24.) Therefore, because Plaintiff's ADA and CADA claims are time-barred, he "can prove no set of facts in support of his claim which would entitle him to relief" under those statutes. *Conley*, 355 U.S. at 445-46. The Court should therefore dismiss Plaintiff's ADA and CADA claims with prejudice.

    2.    <u>Plaintiff's Deadline Cannot Be Equitably Tolled.</u>

Plaintiff may not rely on the equitable tolling doctrine to revive his time-barred claims. When a plaintiff fails to meet the filing deadline, he may bring suit only if the requirement is equitably waived or tolled. *Godwin v. S.W. Rsch. Inst.*, 237 F. App'x 306, 307 (10th Cir. 2007). Federal courts extend the equitable tolling doctrine sparingly and it is only available under "extraordinary circumstances". *Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1471 (10th Cir. 1996); *Al-Ali v. Salt Lake Cmty. Coll.*, 269 F. App'x 842, 847 (10th Cir. 2008). The Tenth Circuit recognizes equitable tolling "only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Id.*

In the Amended Complaint, Plaintiff states he "was working with attorneys and staff in June 2021 and August 2021, collecting information and explaining and discussing the events with attorneys and staff." (Am. Compl. ¶ 89.) Plaintiff also alleges[1] an attorney named Ryan Marshall[2] informed him that he filed "Richards' complaint with the EEOC on September 16, 2021" and "calendared" an appointment with the EEOC Pittsburgh office on November 5, 2021. (*Id*. ¶ 91.) But Plaintiff does not know whether this complaint was ever actually filed or if an appointment was scheduled with the EEOC. (*See id*. ¶ 96.) Plaintiff also does not identify the charge number for the charge allegedly filed on September 16, 2021, nor attach the charge or any communications with the EEOC evidencing submission of the same. These are not the sort of "extraordinary circumstances" required to invoke the equitable tolling doctrine.

Courts in the Tenth Circuit and across jurisdictions have held that a plaintiff may not rely on equitable tolling where failure to timely file a charge with the EEOC resulted from misinformation received from his counsel or attorney neglect, like Plaintiff suggests occurred here. For example, in *Horton v. Achievement Servs. for Ne. Kansas*, the plaintiff's attorney falsely informed him he had one year to initiate legal action under Title VII and, as a result, plaintiff, with the help of his counsel, filed a charge of discrimination after the filing deadline. No. 95-2345-JWL, 1996 WL 442029, at *1 (D. Kan. July 26, 1996). When the defendant sought to dismiss the

---

[1] In support of this allegation, Plaintiff refers to an exhibit purportedly attached to the Amended Complaint. As of the date of filing this motion, Plaintiff has not filed an exhibit to the Amended Complaint.

[2] Notably, counsel for Lockheed Martin conducted a brief search for Ryan Marshall on the State Bar of California Attorney Search but was unable to locate an attorney licensed by this name. Counsel did uncover news articles from August and September 2021, reporting that an individual with the name Ryan Marshall—who at the time was facing numerous felony criminal charges—attempted to appear in Mr. Pierce's place on behalf of defendants from the January 6th Capitol riots without a law license. *See, e.g.*, Alanna Durkin Richer, *Jan. 6 riot lawyer's illness throws wrench in several cases*, THE ASSOCIATED PRESS, (last accessed Sept. 8, 2023), https://apnews.com/article/capitol-siege-4f10ba3008d02653000902483964d778.

case, the plaintiff argued the deadline to file should be equitably tolled in light of his counsel's misinformation.  *Id.*  The Court rejected this argument and held that ineffective assistance of counsel did not rise to the level necessary to justify equitable tolling because (1) there was no evidence the plaintiff was prevented in some extraordinary way from asserting his rights; (2) he was represented by counsel for the entire three hundred day filing period; and, (3) a plaintiff does not have a right to effective assistance of counsel.  *Id*. at *3.  The Court noted that "errors by counsel are attributed to the clients, who must seek redress from their errant lawyers rather than from their adversaries."  *Id.*

Other courts have come to the same conclusion when faced with similar facts.  *See, e.g., Lombardi v. Advantage Logistics USA W.,* LLC, No. 11-cv-024657-DME-MJW, 2013 WL 1246879, at *2 (D. Colo. Mar. 26, 2013) (holding equitable tolling of 90-day period to file ADA suit inappropriate where plaintiff's attorney's law license had been suspended for missing deadlines); *Keyse v. Calif. Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir. 1978) (holding plaintiff may not be excused from the statutory time bar via equitable tolling on the ground that his failure to timely file charges with the EEOC resulted from misinformation received by retained counsel); *Otstott v. Verex Assur., Inc.*, 481 F. Supp. 1269, 1271-72 (N.D. Tex. 1980) (finding a Title VII plaintiff's reliance on an attorney who neglects to file a timely employment discrimination charge with the EEOC does not equitably toll the limitations period in which to file such a charge). Accordingly, any argument that the deadline should be equitably tolled because Mr. Marshall was ineffective or provided inaccurate information to Plaintiff is unsupported by the case law.

Furthermore, Plaintiff may not rely on his allegation that he believed Mr. Marshall made contact with or scheduled an interview with the EEOC that was subsequently cancelled.  Courts

7

have refused to equitably toll the filing period where a plaintiff or his representative simply made contact with an agency and/or the agency provided misinformation. *See, e.g.*, *Komosa v. U.S. Postal Serv.*, 764 F. App'x 189, 192 (3d Cir. 2019) (holding one phone conversation with an EEO counselor does not rise to the level of being prevented in an 'extraordinary way,'" nor does it constitute active deception by the defendant); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 592 (3d Cir. 2005) ("[A]ny errant advice Appellant may have received from an EEOC employee did not rise to the level of an 'extraordinary' circumstance. . ."); *Jackson v. Homechoice, Inc.*, 368 F.3d 997, 998-99 (8th Cir. 2004) (finding that even where the plaintiff made numerous telephone calls to the EEOC, there was no showing of misconduct by the EEOC or that the plaintiff was somehow mislead into inaction); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362–63 (5th Cir. 1992) (rejecting plaintiff's request for equitable tolling based on alleged misinformation provided by the EEOC); *Morton v. ICI Acrylics, Inc.*, 69 F. Supp. 2d 1038, 1046 (W.D. Tenn. 1999) (holding the defendant in that case "should not be forced to pay the price for a mistake allegedly made by the EEOC."); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 (11th Cir. 2005) (affirming summary judgment for defendant for plaintiff's failure to comply with the limitations period where plaintiffs claimed to have not received their right to sue letters but "failed to assume the minimal responsibility or to put forth the minimal effort necessary to resolve their claims").

Plaintiff does not allege there was any instance of active deception or extraordinary circumstances warranting invocation of the Court's powers of equity to toll the limitations period. Therefore, Plaintiff's claims are time-barred and should be dismissed with prejudice.

## IV. CONCLUSION

This case should be at an end. Plaintiff has had not one, not two, but *five* bites at the apple in his ill-founded effort to craft a viable lawsuit against Lockheed Martin. Delay has been the hallmark of this litigation since its inception, and delay is precisely what dooms Plaintiff's remaining claims based on the applicable statutes of limitation. Therefore, Lockheed Martin respectfully requests this Honorable Court grant its Motion to Dismiss and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted this 8th day of September, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Space*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of September, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FEDERAL RULE 12(b)(6)** with the Clerk of Court using the CM/ECF system which shall send electronic notification of such filing to counsel for Plaintiff, as follows:

John M. Pierce
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
jpierce@johnpiercelaw.com

                                                *s/Alison L. Shaw*
                                                Alison L. Shaw, Paralegal